IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELIZABETH LEFTWICH, et al.,** | ] |
| | ] |
| **Plaintiffs,** | ] |
| | ] |
| v. | ]   2:11-CV-1879-KOB |
| | ] |
| **TWS MARKETING GROUP, INC,** | ] |
| | ] |
| **Defendant.** | ] |
| | ] |

**MEMORANDUM OPINION**

This case comes before the court on Defendant's TWS Marketing Group's Motion to Stay Discovery (doc. 21). The court issued an order to show cause why the motion should not be granted (doc. 22), to which the plaintiffs responded (doc. 23). TWS argues that the court should stay discovery pending the motion to dismiss, explaining that eliminating some if not all claims would save the parties from the expense of unnecessary discovery.

The plaintiffs respond that the court should not stay the case simply because TWS filed a motion to dismiss; instead, the plaintiffs argue that the court should balance the harm produced by a delay in discovery against the possibility that it may grant the motion to dismiss. Balancing these factors, the plaintiffs argue, cuts against granting a stay of discovery. At a minimum, the plaintiffs ask that the court allow them to proceed with jurisdictional discovery.

After reviewing the parties briefs, both on TWS's motion to stay discovery and on TWS's motion to dismiss (doc. 8), the court concludes that the briefs raise the significant question of whether the court has personal jurisdiction over an Indiana plaintiff's claims, arising out of a

1

transaction based in Indiana and under Indiana law, against a Florida-based company. To establish personal jurisdiction over such a claim, the plaintiffs would have to demonstrate general personal jurisdiction over TWS in Alabama.

For the reasons stated below, the court finds that the motion to stay is due to be denied as to discovery on personal jurisdiction, but the motion to stay as to discovery on all other issues is due to be granted. Furthermore, the court will enter an order setting a hearing on the question of whether this court has personal jurisdiction to hear Plaintiff Leftwich's claims against TWS.

**FACTS AND PROCEDURAL HISTORY**

The plaintiffs filed a complaint in this court as a class action lawsuit, alleging "violations of various state deceptive trade practice acts, breach of express warranty and unjust enrichment" claims against TWS Marketing Group, the maker of HomeMaker orange juice. The complaint alleges that the HomeMaker orange juice carton claims that the juice is "made with not from concentrate juice" and is "100% pure Florida squeezed" when it in fact contains orange juice concentrate and water. These alleged misrepresentations came to light after the FDA sent TWS a warning letter on November 10, 2010 indicating that it had reviewed the labeling for HomeMaker orange juice and had found numerous violations of the Federal Food, Drug, and Cosmetic Act ("FDCA").

The complaint names two plaintiffs: Elizabeth Leftwich, a resident of Indiana, and Glen Newton, a resident of Alabama. The complaint states three counts. Count I alleges "Violations of State Consumer Protection Laws." The complaint explains that "Plaintiff Leftwich brings [Count I] on her own behalf under the law of the state of Indiana on behalf of: (a) all other persons who purchased the product in the state of Indiana; and (b) all other persons who purchased

HomeMaker Premium 100% Pure Florida Squeezed Orange Juice in states having similar consumer protection laws." Pl. Compl. at ¶ 37 (doc. 1).

Count II alleges a breach of express warranty. In the complaint, this count is brought by both named plaintiffs under the laws of their respective states; however, the plaintiffs, in their brief opposing TWS's motion to dismiss, abandon the breach of warranty claim as brought by Plaintiff Newton, explaining that "Plaintiff Newton is no longer pursuing his claim for breach of express warranty under Alabama law." Pl. Opp. Br. at 30 (doc. 15). Count III alleges a claim for unjust enrichment, brought by both named plaintiffs under the laws of their respective states.

TWS directed its motion to dismiss against the plaintiffs' entire complaint. TWS first argues that the plaintiffs' claims are preempted by the FDCA. Alternatively, TWS argues that the plaintiffs have failed to state a claim for each of the counts alleged in the complaint. Finally, TWS argues that Plaintiff Leftwich, an Indiana resident, should be dismissed because this court does not have personal jurisdiction to hear her case against TWS in Alabama.

After TWS filed its reply brief to the plaintiffs' opposition to the motion to dismiss, TWS filed this motion to stay discovery. At the time TWS filed this motion, Plaintiff Leftwich still alleged all three counts stated in the complaint, while Plaintiff Newton alleged only one count for unjust enrichment.

**DISCUSSION**

The parties dispute the effect that TWS's pending motion to dismiss has on discovery. TWS relies on Eleventh Circuit case law that explains that "[f]acial challenges to the legal sufficiency of a claim or defenses, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins" and that "any legally

unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–78 (11th Cir. 1997). Because TWS believes that the entire complaint is without merit, it urges this court to stay all discovery. It further argues that even if the court does not dismiss all claims, the court's ruling on the motion could significantly narrow the scope of this case and accordingly provide significant guidance on the scope of discovery.

The plaintiffs oppose staying discovery, relying on district court opinions from the Eleventh Circuit explaining that *Chudasama* should not be read too broadly and that district courts may still exercise some discretion in staying discovery when a facial challenge is pending. One court explains that "[s]ince the Eleventh Circuit handed down *Chudasama* . . . courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170, at *3–4 (S.D. Fla. July 24, 2008). The district court in *Bocciolone* emphasized that the Eleventh Circuit in *Chudasama* was addressing abuses by the district court in that case, such as allowing the motion to dismiss to languish for one and a half years before ruling on it and allowing discovery to proceed during that time when the plaintiff had brought a novel legal argument. *See Bocciolone*, 2008 U.S. Dist. LEXIS 59170, at *5.

The district courts the plaintiffs cite to take the approach that, in deciding whether to stay discovery pending a motion to dismiss, the court should "balance the harm produced by a delay in discovery against the possibility that the motion will be granted, and entirely eliminate the need for such discovery." *See Koock v. Sugar & Felsenthal, LLP*, 2009 U.S. Dist. LEXIS 81153, at *6. According to these courts, this balance involves "taking a preliminary peek at the merits of

a dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at *6. Multiple district courts have allowed discovery to proceed under this rationale. *See Schreiber v. Kite King's Lake*, *LLC*, 2010 U.S. Dist. LEXIS 110120, at *4–*5 ("After a quick peek at the Motion to Dismiss, the Court believes that the case will most likely survive the Motion to Dismiss . . .)"; *S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, 2007 U.S. Dist. LEXIS 59170, at *3–*7 (finding that, in a straightforward commercial contract case, the defendant faced a heavy burden in arguing for a stay, especially when the plaintiff presented strong rebuttal arguments to the motion to dismiss).

In this case, however, the court cannot take "a quick peek" to determine the strength of TWS's motion to dismiss, in part because so much of the motion deals with the law of other states that is unfamiliar to this court. TWS presents multi-layered arguments for why the claims should be dismissed, and the plaintiff contests almost every issue. Despite the voluminous discussion the parties direct towards the merits of the case in their briefs, the court determines that the existence of personal jurisdictional raises the most pressing issue in this case.

TWS concedes that this court "arguably" has specific jurisdiction to hear Plaintiff Newton's claims against TWS under Alabama law, and the plaintiffs concede that this court does not have specific jurisdiction to hear Plaintiff Leftwich's claims against TWS. The issue the parties disagree upon is whether this court has *general* jurisdiction over TWS, such that Plaintiff Leftwich may maintain her suit in Alabama. According to TWS, if it is not subject to general jurisdiction in Alabama, then Plaintiff Leftwich's claim is impermissibly joined.

**Alabama law on personal jurisdiction**

In evaluating personal jurisdiction, the Eleventh Circuit has explained that federal courts

sitting in diversity should undertake a two-step inquiry to determine whether personal jurisdiction exists. "[T]he exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). The Alabama Supreme court has consistently interpreted its long-arm statute "to extend the jurisdiction of Alabama courts to the permissible limits of due process." *Ex Parte DBI*, *Inc.*, 23 So. 3d 635, 643 (Ala. 2009).

The Alabama Supreme Court, relying on United States Supreme Court precedent, has also explained:

> Personal jurisdiction over a nonresident defendant may be either general or specific. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). General jurisdiction applies where a defendant's activities in the forum state are "substantial" or "continuous and systematic," regardless of whether those activities gave rise to the lawsuit. *Helicopteros*. A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit. *Id.*

*Levanthal v. Harrelson*, 723 So. 2d 566, 569 (Ala. 1998).

**Can a non-resident plaintiff join suit with a resident plaintiff against a non-resident defendant?**

The first point TWS raises is that Plaintiff Leftwich cannot be joined under Fed. R. Civ. P. 20(a) unless general jurisdiction exists over TWS in Alabama. Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if . . . they assert any right to relief jointly . . with respect to or arising out of the same transaction [or] occurrence . . . and . . . any question of law or fact common to all plaintiffs will arise in the action."

Because Rule 20(a)(1) does not squarely address the issue TWS raises—whether Rule 20

6

allows a plaintiff without specific jurisdiction over a defendant in a state to join a plaintiff who does have specific jurisdiction—TWS cites to other district court cases. TWS acknowledges that one district court case, *Arlandson v. Hartz Mountain Corp.*, 2011 U.S. Dist. LEXIS 56462 (D.N.J. May 26, 2011), found that specific jurisdiction need only exist as to the claims of one plaintiff for other out-of-state plaintiffs to join. *See Arlandson*, 2011 U.S. Dist. LEXIS 56462 at *12. TWS emphasizes, however, that the district court in *Arlandson* concluded that only one plaintiff needed specific jurisdiction because all plaintiffs in that case joined in the same cause of action, *see id.*, while in this case the named plaintiffs are not joining in the same causes of action.

In contrast to the district court in *Arlandson*, other district courts have declined to allow joinder of out-of-state plaintiffs in claims against an out-of-state defendant. In *Executone of Columbus, Inc., v. Inter-Tel, Inc.*, 2006 U.S. Dist. LEXIS 78909 (S.D. Ohio Oct. 24, 2006), multiple plaintiffs alleged claims against a defendant named "IBIS," among other defendants. Only one plaintiff had conducted business with IBIS in Ohio. The Ohio district court held that the other out-of-state plaintiffs could not use Rule 20(a) to circumvent personal jurisdictional requirements. *See Executone*, 2006 U.S. Dist. LEXIS 78909, at *16–*17. The court held that the out-of-state plaintiffs— who had not conducted any business with IBIS in Ohio— could continue their action against IBIS in Ohio only if IBIS was subject to general jurisdiction in Ohio, even though one of the plaintiffs could establish specific jurisdiction of his claim. *See Executone*, 2006 U.S. Dist. LEXIS 78909, at *17.

Similarly, the district court in *Affordable Healthcare, LLC v. Protus IP Solutions, Inc.*, 2009 U.S. Dist. LEXIS 23467 (E.D. Mo. Mar. 19, 2009), declined to exercise personal jurisdiction on the claims of out-of-state plaintiffs against an out-of-state defendant, even though

it recognized that it had specific jurisdiction on the claims of in-state plaintiffs. *See Affordable Healthcare*, 2009 U.S. Dist. LEXIS 23476, at *8–*9. That court explained that it could exercise personal jurisdiction over the defendant as to the claims of the out-of-state plaintiffs *only if* it found the defendant subject to general jurisdiction. *See id.*

The plaintiffs, in their reply brief, do not dispute TWS's contention that Plaintiff Leftwich cannot join Plaintiff Newton's case in Alabama unless she establishes that the TWS is subject to general jurisdiction. Instead, the plaintiffs argue that TWS is subject to general jurisdiction.

**The question of general jurisdiction and its relation to TWS's motion to stay**

As explained above, other district courts have explained the need to "take a preliminary peek" at the merits to decide whether they can reasonably stay discovery pending a motion to dismiss. Although the court will not resolve the jurisdictional questions in this memorandum opinion and order, it has reviewed the parties' arguments and finds that the both the plaintiffs and TWS have stated colorable arguments supporting their respective positions on whether TWS is subject to general jurisdiction in this court. One of the cases TWS relies on most heavily, *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, explains that the "[s]tream-of-commerce theory is a basis for asserting specific jurisdiction, not general jurisdiction." *Id.* at 1064. Accordingly, that court held a defendant's sales arrangements with several nationwide retailers, such that it products were sold nationwide, was not enough "to satisfy the rigorous 'continuous and systematic' threshold for general jurisdiction." *See Matthews*, 469 F. Supp. 2d at 1065.

The plaintiffs, on the other hand, rely on an Alabama Supreme Court case where the

Court found it had general jurisdiction over claims by out-of-state plaintiffs against an out-of-state defendant resulting from injuries the defendant's products may have caused in Tennessee. *See Ex parte Newco Mfg. Co.*, 481 So. 2d 867, 868–69. That Court held that even though the defendant, Newco, did not sell the actual component causing injury in Alabama, had no registered agent in Alabama, and conducted its sales through an independent manufactured representative, it was nevertheless subject to general jurisdiction in Alabama. *See Newco*, 481 So. 2d at 869. The Court based its finding on the amount of sales Newco made in Alabama, finding that "Newco's contacts with Alabama are deliberate, rather than fortuitous and, therefore, it was reasonably foreseeable that Newco, in purposefully doing business in Alabama, would at some point need both the protection and invoke the jurisdiction of the courts of Alabama." *See Newco*, 481 So. 2d at 869.

      TWS attempts to distinguish *Newco* by explaining that the defendant in that case "not only sold product in Alabama (albeit via an 'independent manufacturer's representative') but also made sales in Alabama via telephone and mail services." (doc. 19 at 19 n.15). In contrast, TWS argues that it only contracted with Wal-Mart and Sam's Club, and had no direct interaction with customers in Alabama. If this distinction is accurate, it demonstrates the vagueness of the phrase "continuous and systematic," and indicates to the court that more factual information is needed to resolve the question of general personal jurisdiction. The evidence the plaintiffs offer to prove general jurisdiction, such as a one-page summary of Wal-Mart's operations in Alabama and screenshots from the HomeMaker orange juice website, are not a sufficient basis on which to resolve this factual issue.

      Moreover, the court finds that resolving the jurisdictional question may significantly

reduce the scope of this case. If the court finds that TWS is not subject to general jurisdiction, it will dismiss Plaintiff Leftwich, leaving Plaintiff Newton to proceed only on the count of unjust enrichment—which itself is still subject for consideration in TWS's motion to dismiss.

## CONCLUSION

Accordingly, the court DENIES IN PART TWS's motion to stay discovery as it relates to jurisdictional discovery, and GRANTS IN PART TWS's motion to stay discovery as to all other issues in the case. The court also SETS this matter for a hearing on the issue of *personal jurisdiction only* on **Monday, January 30, 2012 at 2:00 P.M.** in Courtroom 5A of the Hugo L. Black U.S. Courthouse in Birmingham, Alabama. The court will simultaneously enter an order to that effect.

DONE and ORDERED this 12th day of December, 2011.

                                  _____
                                  KARON OWEN BOWDRE
                                  UNITED STATES DISTRICT JUDGE